

September 29, 2017

**VIA ECF**

The Honorable Joseph F. Bianco
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

**Orrick, Herrington & Sutcliffe LLP**
51 West 52nd Street
New York, NY 10019-6142

+1 212 506 5000

**orrick.com**

Jill L. Rosenberg

E  jrosenberg@orrick.com
D  +1 212 506 5215
F  +1 212 506 5151

Re:   *A.B. v. Hofstra University*, No. 2:17-cv-5562-JFB-GRB

Dear Judge Bianco:

We represent Defendant Hofstra University ("Hofstra") in the above-referenced matter.  In accordance with Your Honor's Individual Motion Practice and Rules, we write to request a pre-motion conference regarding Hofstra's anticipated motion to dismiss Plaintiff's Complaint and to set forth the basis of that motion.

**Background**

Plaintiff, a male who has filed this action under the pseudonym "A.B." due to purported reputational concerns, is the former Director of Tennis and Head Coach of the Men's and Women's tennis teams at Hofstra.  Plaintiff was hired by Hofstra in January 2016 as an at-will employee and was terminated later that year, in September 2016, for unprofessional conduct following a complaint made by a female student athlete.

Plaintiff commenced this action by the filing of a Summons and Verified Complaint in the Supreme Court of the State of New York, Queens County on August 25, 2017 alleging that Hofstra engaged in gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq.* ("Title VII") and the New York State Human Rights Law ("NYSHRL").  On September 22, 2017, Hofstra removed the case to this Court.

**Basis for Anticipated Motion to Dismiss**

For the reasons described below, Plaintiff's claim for gender discrimination under Title VII should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Plaintiff's state law claims should also be dismissed because they are analyzed under the same standard.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff in a Title VII case must allege facts in the complaint that "give plausible support to a minimal inference of discriminatory motivation."  *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).  "Naked assertions of ... discrimination ... without any specific [factual] allegation of a causal link between the [d]efendants' conduct and the [p]laintiff's [protected characteristic] [are] too conclusory to withstand a motion to dismiss."  *Canner v. City of Long Beach*, No. 12–cv–2611, 2015 WL 4926014 at *8 (E.D.N.Y. Aug. 18, 2015) (internal quotation marks and citations omitted).



The Honorable Joseph F. Bianco
September 29, 2017
Page 2

Plaintiff's complaint is devoid of specific factual allegations suggesting a causal link between the decision to terminate his employment and his gender.  Rather, Plaintiff's allegations here are either: merely conclusory; alleged "on information and belief"; or, to the extent they even allege bias, it is at best a pro-victim or pro-student bias that has nothing to do with gender.[1]   See Soloviev v. Goldstein, 104 F.Supp.3d 232, 248-49 (E.D.N.Y. 2015) (granting motion to dismiss Title VII and NYSHRL discrimination claims by former male swim team coach, noting that plaintiff failed to show a link between his termination and a protected class and has "done no more than point to various ways in which [he] feels he was mistreated and argue that it must have been because of his gender, race, and national origin.") (internal quotation marks omitted); see also Ludlow v. Northwestern University, 125 F.Supp.3d 783 (N.D. Ill. 2015) (granting motion to dismiss male professor's gender discrimination claims, holding that his assertion "that he was denied fair procedures during the investigation [of a sexual harassment claim] 'because he is male' is the kind of conclusory statement that courts reject as insufficient to plead this claim" and that his allegation "that Northwestern treated him, as a male, differently from the female victim is insufficient to establish a [gender discrimination] claim.")

 The only allegations in the Complaint that even mention gender are vague and conclusory:

- Hofstra's decision was motivated by a "raw bias against Plaintiff based on his gender." See Complaint ¶ 44.

- "Upon information and belief, these actions were taken by Hofstra personnel who were exclusively women and were biased against Plaintiff because of his gender; upon information and belief, [Vice President and Director of Athletics Jeffrey] Hathaway's involvement in the process was purely nominal."  See Complaint ¶ 48.

Further, with regard to the allegation of gender uniformity among Hofstra's investigators/decision makers, courts have "rejected the argument that gender uniformity, without more, leads to an inference of gender bias."  See Doe v. University of Colorado, No. 16-cv-1789, 2017 WL 2311209 at *10 (D. Colo. May 26, 2017) (male plaintiff's allegations that the university "employed an all-female Title IX team" in its investigation did not raise plausible inference of gender bias against him) (internal quotation marks and

---

[1] To the extent Plaintiff alleges that Hofstra failed to properly investigate the female student's claim, did not follow its EEO procedures for handling such claims or reached an incorrect conclusion contrary to the evidence (see Complaint ¶ 48), those allegations are not probative of gender bias. See Doe v. Columbia University, 831 F.3d 46, 57 (2d Cir. 2016) (distinguishing between facts that support a general inference of bias and those that support an inference of gender bias and noting that to survive a motion to dismiss in a gender discrimination action, there need to be "additional allegations" to provide plausible support to a claim of gender bias);  see also Iscenko v. City of New York, No. 16-cv-6535, 2017 WL 2880553 at *5 (S.D.N.Y. July 5, 2017) (observing that "departures from procedural regularity" can raise questions "as to the good faith of the process" but "the mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the employer was motivated by illegal discriminatory intent") (internal quotation marks and citations omitted).  Moreover, Plaintiff's allegations of procedural unfairness are contradicted by his own admissions that he was given the opportunity to gather and submit evidence, which he did (see Complaint ¶¶ 28, 30, 32); Hofstra answered Plaintiff's questions during the investigation (see Complaint ¶ 33); and Plaintiff had the aid of legal counsel during this investigation (see Complaint ¶ 34).



The Honorable Joseph F. Bianco
September 29, 2017
Page 3


citations omitted); *see also Rivas Rosado v. Radio Shack, Inc.*, 312 F.3d 532, 534 (1st Cir. 2002) ("The mere fact that the decision makers were male does not alone, absent other evidence, create an inference that they engaged in gender discrimination [against a female employee].")

In short, Plaintiff here fails to, nor can he, allege specific facts that support a minimal plausible inference of gender discrimination.  Thus, Plaintiff's complaint alleging gender discrimination under Title VII and the NYSHRL should be dismissed with prejudice.


Respectfully submitted,

*/s/ Jill L. Rosenberg*

Jill L. Rosenberg


cc: Cheryl L. Davis and Theodor D. E. Bruening, Menaker & Herrmann LLP
    Attorneys for Plaintiff (via U.S. Mail)