**MENAKER & HERRMANN**
A LIMITED LIABILITY PARTNERSHIP
10 EAST 40TH STREET
NEW YORK, NEW YORK 10016-0301

TELEPHONE
(212) 545-1900

FACSIMILE
(212) 545-1656

WEBSITE
www.mhjur.com

CHERYL L. DAVIS
EXTENSION: 222
cdavis@mhjur.com

October 20, 2017

By Overnight Mail and ECF

Hon. Gary R. Brown, U.S.M.J.
United States Courthouse
100 Federal Plaza, P.O. Box 9014
Central Islip, NY 11722-9014
Courtroom 840

   Re:  <u>A.B. v. Hofstra University (2:17-cv-05562-SJF-GRB)</u>

Dear Judge Brown:

   We represent plaintiff A.B. and respectfully submit this letter motion under your Honor's Rule III(B) and Judge Feuerstein's Rule 4 to consolidate this case with two related cases pursuant to F.R.C.P. 42(a) and to seal the record or, in the alternative, to continue to use the existing pseudonyms in the case from state court.

   Plaintiff brought this action for gender discrimination under state and federal law in New York State Supreme Court, Queens County, following issuance of a right to sue letter by the EEOC. Defendant removed the case to this Court on September 22, 2017. The complaint alleges that Hofstra University ("Hofstra") officials discriminated against plaintiff by terminating his employment as Hofstra's varsity tennis coach based on false statements by a student athlete ("Jane Doe"), who attempted to extort an increase in her scholarship by claiming sexual harassment. The alleged facts support a discrimination claim under the Second Circuit's standard in *John Doe v. Columbia University* 831 F.3d. 46 (2d Cir. 2016).

   Two closely related civil actions are also pending before judges of this Court. Plaintiff brought a related action for defamation against Jane Doe based on her false allegations, also in state court. That action (*A.B. v. C.D.,* 2:17-cv-05840, the "Defamation Case") was recently removed to the E.D.N.Y. and has been assigned to Judge Seybert. In a separate action, the existence of which has just come to our attention, Jane Doe, defendant in the Defamation Case, has sued Hofstra in the E.D.N.Y. for Title IX discrimination, naming plaintiff as a non-party. That case (*Jane Doe v. Hofstra University,* 2:17-cv-00179, the "Jane Doe Case") is currently before Judge Hurley. These three cases share the same set of operative facts (Jane Doe's accusations and Hofstra's response), involve the same parties and entities (plaintiff, Jane Doe and Hofstra), and raise the same common questions of fact (were Jane Doe's accusations true and did Hofstra respond appropriately?). Plaintiff filed a similar motion in the Defamation

Hon. Denis R. Hurley, U.S.D.J.
October 20, 2017
Page 2

Case and a motion to intervene in the Jane Doe Case. These motions are attached hereto.[1]

I.  **Consolidation is Warranted.**

Consolidation of related cases is expressly authorized by F.C.R.P. 42(a). *Maggio v. Leeward Ventures, Ltd.*, 939 F.Supp. 1020 (E.D.N.Y. 1996). Consolidation is favored where two or more cases have the same parties and common facts and common legal issues, because of the benefits in saved judicial resources and economy for the parties, consistent with the mandate of F.R.C.P. 1. *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987). Consolidation also eliminates the potential for inconsistent rulings on identical issues. *Id.* at 533.

The test for consolidation turns "on whether the common fact and law issues indicate that there would be a sufficient saving of time and effort on the part of the court and the parties to warrant a joint trial, when balanced against the inconvenience, delay or expense to the parties that might result from requiring each to attend trial of some issues in which it is not involved." *Stein, Hall & Co. v. Scindia Steam Nav. Co.*, 264 F. Supp. 499, 501 (S.D.N.Y. 1967). Consolidation here would cut judicial expense by eliminating two dockets and would materially reduce party costs. No factors mitigate against consolidation:

(a) The potential for delay is minimal. This case and the Defamation Case were recently removed and have just started; no discovery has been exchanged or requested, and no conferences have been held. The Jane Doe Case has a short docket of only thirteen entries, covering merely the complaint, answer, and a motion to seal or proceed pseudonymously, which was granted.

(b) There is no likelihood of confusion; in fact, consolidation would eliminate the risk for confusion since keeping the cases separate could produce contradictory results.

(c) There is no likelihood of prejudice. All cases are in the same district, causing no party or witness any additional burden or cost.

II.  **Proceeding Pseudonymously is Warranted**

Judge Hurley has already granted permission to the plaintiff in the Jane Doe Case to proceed pseudonymously, and plaintiff in this case proceeded anonymously when filing his action in Queens County. The case should be accorded the same treatment in this Court.

F.R.C.P. 10(a) states that "[t]he title of [a] complaint must name all the parties," but "[c]ourts have nevertheless 'carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties] which permit plaintiffs to proceed anonymously.'" *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2d Cir. 2008) (internal

---

[1] While plaintiff has no preference as to which of the three cases should be the lead case, it may make sense to consolidate the other cases with the Jane Doe Case since the Jane Doe Case was filed first, in January 2017.

Hon. Denis R. Hurley, U.S.D.J.
October 20, 2017
Page 3

citation omitted). These exceptions include instances such as the ones faced here, where plaintiff fears physical or mental retaliation as a consequence of asserting a substantive legal right (here the right to sue for defamation), where publicizing plaintiff's name will exacerbate the harm plaintiff has already suffered, and where innocent nonparties (such as plaintiff's wife and stepchildren) would be harmed.

The Second Circuit in *Sealed Plaintiff* set out factors for this balancing test, the majority of which weigh in favor of allowing plaintiff to proceed anonymously. *Id.* at 190. A plaintiff's interest in anonymity must be weighed against "both the public interest in disclosure and any prejudice to the defendant." *Id.* at 189; *see also John Doe v. Columbia Univ.*, 831 F.3d 46 (2d Cir. 2016) (plaintiff brought suit against university for violation of Title IX by demonstrating sex bias against him in the way in which it investigated a claim of alleged sexual assault); *Doe v. Univ. of Conn.*, 2013 WL 4504299 (D. Conn. Aug. 22, 2013) (permitting both plaintiff and defendant to proceed anonymously in a case alleging sexual harassment).

Here, plaintiff has a significant interest in being allowed to proceed anonymously since harm to his reputation from Jane Doe's false statements would be magnified if made even more broadly public. In addition, he has a well-founded fear of retaliation from defendant's father, who has previously threatened plaintiff (Compl. ¶11). Plaintiff's claim includes important legal issues that do not require that the parties' identities be public knowledge, while the fact issues have no public import. Since defendant knows plaintiff's identity, her ability to take discovery will remain unimpaired. Defendant has falsely claimed that plaintiff made inappropriate statements about his marital status and grotesque remarks about female body functions. Publicizing these statements could cause harm to plaintiff's spouse and stepchildren. *See, e.g., Sealed Plaintiff* at 190; *Smith v. Edwards*, 175 F.3d 99, 99 n. 1 (2d Cir. 1999) ("For the sake of the privacy of plaintiff's child, pseudonyms for plaintiff and his family are employed throughout this opinion.").[2]

For these reasons plaintiff's motion to consolidate and to seal or to continue use of pseudonyms should be granted.

Respectfully yours,

Cheryl L. Davis

Enclosures

cc:   Jill L. Rosenberg, Esq., attorney for Hofstra University (by email and ECF)
      David S. Schwartz, Esq., attorney for Jane Doe (by email)

---

[2] The matter in these cases has so far received only limited media attention. An order to seal and/or proceed pseudonymously would limit any damage likely to occur in the future.