UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
A.B.,

                        Plaintiff,        **MEMORANDUM AND ORDER**
                                                   2:17-cv-5562 (DRH)(AYS)
    - against –

Hofstra University,

                        Defendant.
---------------------------------------------------------X
**HURLEY, Senior District Judge:**

## INTRODUCTION

Plaintiff "A.B." ("Plaintiff") brought the instant action alleging employment discrimination on August 25, 2017, in the Supreme Court of the State of New York. Defendant removed the action to Federal Court on September 22, 2017. (Notice of Removal [DE 1] at 1.) Plaintiff filed the initial state court action pseudonymously but he never moved to so proceed in this case. For the reasons discussed below, Plaintiff may not proceed pseudonymously in this federal action.

## BACKGROUND

Pursuant to a decision of Magistrate Judge Ann Shields in case No. 17-cv-179, in which Judge Shields denied the request by this Plaintiff to proceed pseudonymously as an interested party in that case, the Court entered an order in this case directing Plaintiff to show cause why this action should not also proceed under his true name. (Order to Show Cause (Jan. 24, 2018).[1] Both Plaintiff and Defendant replied to the Order to Show Cause on February 7, 2018, and Plaintiff also filed a reply in further support.

---

[1] Plaintiff in this case appealed Judge Shield's decision in case No. 17-cv-179. This Court affirmed Judge Shields' decision on January 17, 2018. *See Doe v. Hofstra Univ.*, No. 17-cv-179 (E.D.N.Y. Jan. 17, 2018).

## DISCUSSION

**I. Legal Standard**

Fed. R. Civ. P. 10(a) provides that the "title of [a] complaint must name all the parties." However, the Second Circuit has carved out a narrowly crafted exception to this rule which allows parties to maintain an action under a pseudonym under certain circumstances. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008). To guide courts in determining whether a plaintiff may proceed under a pseudonym, the Second Circuit has provided a "non-exhaustive" list of factors to consider, including:

> (1) [W]hether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 187 (internal quotation marks and citations omitted).

**II. The Parties' Arguments**

Plaintiff claims that "the majority of the factors in *Sealed Plaintiff* weigh in favor of allowing [him] to proceed anonymously in this action" because: (1) the litigation involves sensitive matters; (2) Plaintiff risks physical and mental retaliation if publicly identified; (3) there is no prejudice to the Defendant in this action; (4) the public interest is minimal; and (5)

there are no alternative mechanisms for protecting Plaintiff's confidentiality. (Pl.'s Mem. Showing Cause [DE 28] at 9.) Plaintiff also argues that because the Court has accorded anonymity to C.D. in case No. 17-cv-179, "fairness requires equal treatment" and that the "potential for prejudice to [Plaintiff] is a mirror image of the problems referred to by [Defendant] in her application to seal the record." (*Id.* at 13.) In his Reply, Plaintiff insists that his name is not already public and reiterates that there is no prejudice to Defendant. (Reply in Supp. [DE 31] at 2–3.)

Defendant argues that pseudonymization offers Plaintiff no relief because his identity is already public. (Mem. in Opp. [DE 30] at 3.) Additionally, Defendant claims that allowing Plaintiff to proceed pseudonymously would prejudice Defendant's reputation as well as its' past and present employees who could be drawn into suspicion in light of the fact that the lawsuit has already been publicized online. (*Id.* at 5.) Finally, Defendant avers that the other equitable factors in *Sealed Plaintiff* also weigh against allowing pseudonymization in this case. (*Id.* at 6–10.)

### III. Plaintiff May Not Proceed Pseudonymously

The Court will now analyze whether the *Sealed Plaintiff* factors weigh in favor of allowing Plaintiff to proceed pseudonymously in this case.

Under the first factor, the Court agrees that the litigation here involves matters that are of a highly sensitive and personal nature, as the case relates—in part—to allegations of sexual harassment and misconduct. *Sealed Plaintiff*, 537 F.3d at 187 (citing *M.M.*, 139 F.3d at 803).

Looking at the second factor, the Court is not convinced that identification poses a risk of retaliatory physical or mental harm to Plaintiff. *Sealed Plaintiff*, 537 F.3d at 187 (citing *Jacobsen*, 6 F.3d at 238). Specifically, Plaintiff has already been identified by his

true name in the other case.  While Plaintiff argues that he may suffer physical or mental harm from Defendant's father if he is identified here, Defendant's father already knows his name so this argument lacks merit.  Moreover, Plaintiff states that he has already suffered from the alleged defamation by losing his livelihood.  (Pl.'s Mem. Showing Cause at 14.)  Therefore, identifying him here is unlikely to cause mental harm that has not already been caused by the events that preceded this action.  Accordingly, this factor weighs against Plaintiff.

The third factor asks whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  *Sealed Plaintiff*, 537 F.3d at 187 (citing *Zavaras,* 139 F.3d at 803.)  Plaintiff himself does not argue that this factor weighs in his favor, and the Court agrees that there is little risk of other harms or of incurring the injury litigated against here.  Therefore, this factor weighs against Plaintiff.

The fourth factor also weighs against Plaintiff, as he is not a member of a population that is particularly vulnerable to the possible harms of disclosure, such as young children.  *Sealed Plaintiff*, 537 F.3d at 187 (citing *Jacobson,* 6 F.3d at 238).

The fifth factor seems to weigh against Plaintiff as this is a suit between private parties.  *Sealed Plaintiff*, 537 F.3d at 187 (citing *Jacobson,* 6 F.3d at 238 (citing *Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987) (anonymity not warranted in sexual discrimination and harassment suit against private parties where no privacy interest beyond personal embarrassment identified)).

The sixth factor is also effectively neutral, as there does not appear to be any direct prejudice to Defendant from allowing Plaintiff to proceed pseudonymously at any

stage of the litigation. *Sealed Plaintiff*, 537 F.3d at 187 (citing *Advanced Textile Corp.*, 214 F.3d at 1068.)

The seventh factor weighs strongly against Plaintiff because his identity has not been kept confidential thus far, as discussed above. *Sealed Plaintiff*, 537 F.3d at 187 (citing *Del Rio,* 241 F.R.D. at 157).

The eighth factor relates to whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity. *Sealed Plaintiff*, 537 F.3d at 187 (citing *Advanced Textile Corp.*, 214 F.3d at 1068). This factor relates to the "general presumption that parties' identities are public information[.]" *Advanced Textile Corp.*, 214 F.3d at 1068. Plaintiff has not presented any evidence to overcome this general presumption. Therefore, the eighth factor weighs against Plaintiff.

The ninth factor also weighs against Plaintiff because the issues here are not purely legal in nature. *Sealed Plaintiff* 537 F.3d at 187 (citing *Del Rio,* 241 F.R.D. at 157). Accordingly, the public interest in knowing the litigants' identities prevails.

The tenth and final factor is whether there are any alternative mechanisms for protecting Plaintiff's confidentiality. *Sealed Plaintiff*, 537 F.3d at 187 (citing *Aware Woman Ctr.*, 253 F.3d at 687.) The Court agrees with Plaintiff that "there are no alternative mechanisms for protecting [his] confidentiality[.]" (Pl.'s Mem. Showing Cause at 11.) While the Court is unpersuaded at this time that Plaintiff's confidentiality needs to be protected, nevertheless, this factor appears to weigh in Plaintiff's favor.

Looking at the ten factors together, two weigh in favor, one is neutral, and seven weigh against allowing Plaintiff to proceed pseudonymously. This is sufficient to require Plaintiff to proceed in his true name in this action. Moreover, the Second Circuit has explained that district

courts must exercise "discretion in the course of weighing competing interests" and that the factors are but a guide. *Sealed Plaintiff*, 537 F.3d at 190. Thus, even if the factors weighed numerically in Plaintiff's favor the Court would still require Plaintiff to proceed under his true name given the Court's prior decision denying Plaintiff's request to proceed pseudonymously in case No. 17-cv-179, which shares certain facts. Accordingly, Plaintiff must proceed under his true name in this action.

Plaintiff insists that he and the plaintiff in case No. 17-cv-179 must be treated equally in the name of fairness. However, the Court is unpersuaded by this argument. Plaintiff in this case is not identically situated to the plaintiff in case No. 17-cv-179. First, they are alleging different injuries. Second, the Court has found that the *Sealed Plaintiff* factors weigh against Plaintiff proceeding pseudonymously, whereas the Court found that the same factors weighed in favor of allowing the Defendant (the plaintiff in case No. 17-cv-179) to do so.

Accordingly, Plaintiff must proceed under his true name in this action.

## CONCLUSION

For the reasons set forth, Plaintiff may not proceed pseudonymously. The Clerk of Court is directed to amend the caption to reflect Plaintiff's true name.

**SO ORDERED.**

Dated: Central Islip, New York
April 24, 2018

                                                        /s/
                                          Denis R. Hurley
                                        Unites States District Judge